UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**11 CIV 0527**

COMMODITY FUTURES TRADING ) 
COMMISSION, )
) Case No. _____
)
Plaintiff, )
) **ECF Case**
)
v. )
) **COMPLAINT FOR PERMANENT**
FXPRICE LLC, ) **INJUNCTION, CIVIL MONETARY**
) **PENALTIES, AND OTHER**
) **EQUITABLE RELIEF**
Defendant. )
)
)
)

Plaintiff, Commodity Futures Trading Commission ("Commission" or "CFTC"), by its attorneys, alleges as follows:

## I. SUMMARY

1. On October 18, 2010, the CFTC enacted new regulations implementing certain provisions of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, Pub. L. No. 111-203, Title VII §§ 701-774, 124 Stat. 1376 (enacted July 21, 2010) ("Dodd-Frank"), and the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA"), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), to be codified at 7 U.S.C. §§ 1 *et seq.*, with respect to off-exchange foreign currency ("forex") transactions. Pursuant to Section 2(c)(2)(C)(iii)(I)(aa) of the Commodity Exchange Act ("the Act"), as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), an entity must be registered if it wants to solicit or accept orders from a non-Eligible Contract Participant ("ECP") in connection with forex transactions at a retail foreign exchange dealer ("RFED") or futures commission merchant. Pursuant to Regulation 5.3(a)(5)(i), to be codified at 17 C.F.R. §

5.3(a)(5)(i), in connection with forex transactions, all introducing brokers ("IBs") must be registered with the CFTC as of October 18, 2010.

2. Upon information and belief, beginning on October 18, 2010 and continuing to the present ("the relevant period"), FXPRICE LLC ("FXPRICE" or "Defendant"), solicited orders from non-ECPs in connection with forex transactions at an RFED, without registering with the CFTC, in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Commodity Exchange Act ("the Act"), as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), and CFTC Regulation ("Regulation") 5.3(a)(5)(i), to be codified at 17 C.F.R. § 5.3(a)(5)(i).

3. By virtue of this conduct and the further conduct described herein, Defendant has engaged, is engaging, or is about to engage in acts and practices in violation of the Act, as amended by the CRA, and the Regulations.

4. Accordingly, pursuant to Section 6c of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 13a-1, and Section 2(c)(2) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2), the Commission brings this action to enjoin Defendant's unlawful acts and practices and to compel its compliance with the Act, as amended by the CRA, and the Regulations and to further enjoin Defendant from engaging in certain commodity or forex-related activity, including, through its website(s) or domain(s), soliciting customers without appropriate registration with the Commission.

5. In addition, the Commission seeks civil monetary penalties and remedial ancillary relief, including, but not limited to, trading and registration bans, disgorgement, rescission, pre- and post-judgment interest, and such other relief as the Court may deem necessary and appropriate.

6. Unless restrained and enjoined by this Court, Defendant likely will continue to engage in the acts and practices alleged in this Complaint and similar acts and practices, as more fully described below.

## II. JURISDICTION AND VENUE

7. Section 6c(a) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 13a-1(a), authorizes the Commission to seek injunctive relief against any person whenever it shall appear to the Commission that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of the Act or any rule, regulation, or order thereunder.

8. The Commission has jurisdiction over the conduct and transactions at issue in this case pursuant to Section 6c of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 13a-1, and Section 2(c)(2) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2).

9. Venue properly lies with the Court pursuant to Section 6c(e) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 13a-1(e), because Defendant transacts business in this District and certain transactions, acts, practices, and courses of business alleged in this Complaint occurred, are occurring, and/or are about to occur within this District.

## III. PARTIES

10. Plaintiff **Commodity Futures Trading Commission** is a federal independent regulatory agency charged by Congress with the administration and enforcement of the Act, 7 U.S.C. §§ 1 *et seq.*, as amended, and the Regulations thereunder, 17 C.F.R. §§ 1.1. *et seq.*

11. Defendant **FXPRICE** is a limited liability company incorporated in the State of Delaware with a registered agent address of 220 East Delaware Avenue, Newark, Delaware

19711. FXPRICE was incorporated in the State of Delaware on July 26, 2004. FXPRICE has never been registered with the Commission in any capacity. FXPRICE conducts business through the following websites: www.fxprice.com and www.fxlatino.com.

## IV.   STATUTORY BACKGROUND

12. For the purposes of trading forex, an "introducing broker" is defined in Regulation 5.1(f)(1), to be codified at 17 C.F.R. § 5.1(f)(1), as any person who solicits or accepts orders from a customer that is not an ECP as defined in Section 1a(12) of the Act, in connection with forex transactions.

13. An ECP is defined by the Act, in relevant part, as an individual with total assets in excess of (i) $10 million, or (ii) $5 million and who enters the transaction "to manage the risk associated with an asset owned or liability incurred, or reasonably likely to be owned or incurred, by the individual." *See* Section 1a(12)(A)(xi) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 1a(12)(A)(xi).

## V.   FACTS

14. On October 18, 2010, the Commission enacted new regulations implementing certain provisions of Dodd-Frank and the CRA. For the purposes of forex transactions, the new regulations require, among other things, IBs to register with the CFTC. Without registering with the CFTC, FXPRICE solicited and introduced forex orders at FX Solutions LLC, a duly registered RFED.

15. Through its websites (www.fxprice.com and www.fxlatino.com, the Spanish version of FXPRICE), FXPRICE acted, is acting, and may continue to act or engage in practices as an IB by soliciting orders, opening individual accounts and offering free forex demonstration accounts to U.S. customers, including "novices [and] individual traders," that are not ECPs.

Applicants sign a Customer Agreement that does not require them to state or certify to total assets in excess of (i) $10 million, or (ii) $5 million and that they are entering the transaction "to manage the risk associated with an asset owned or liability incurred, or reasonably likely to be owned or incurred, by the individual."

16. As stated in FXPRICE's "Open Individual/Joint Account" web page (www.fxprice.com/en/individual_account.aspx), account applications are faxed to a New York City fax number: 917.591.5607. Account funds are deposited in Chase Manhattan Bank for the benefit of FX Solutions, LLC.

17. In its website, FXPRICE claims to be "a leading resource provider in the foreign exchange market ... focus[ing] on the fascinating foreign currency trading industry and devoted to the Forex market and people who are interested in investing in it."

18. FXPRICE also affirmatively states that it provides account services, including how to open and place orders "in partnership with FX Solutions LLC, a leading market maker in online foreign exchange trading ... [with] clients from more than 100 countries and a monthly turnover of billions of dollars."

## VI. VIOLATIONS OF THE COMMODITY EXCHANGE ACT

### COUNT ONE:
### VIOLATION OF SECTION 2(c)(2)(C)(iii)(I)(aa) OF THE ACT, AS AMENDED BY THE CRA,
### FAILURE TO REGISTER

19. Paragraphs 1 through 18 are realleged and incorporated herein.

20. During the relevant period, FXPRICE, solicited or accepted orders from non-ECPs in connection with forex transactions at an RFED. FXPRICE engaged in this conduct without being registered as an IB, as required by Regulation 5.3(a)(5)(i), to be codified at 17

C.F.R. § 5.3(a)(5)(i), all in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa).

21. Each day that FXPRICE engaged in this conduct since October 18, 2010 is alleged as a separate and distinct violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa).

### COUNT TWO:
### VIOLATION OF REGULATION 5.3(a)(5)(i)
### FAILURE TO REGISTER AS AN INTRODUCING BROKER

22. Paragraphs 1 through 18 are realleged and incorporated herein.

23. As set out in Paragraphs 1 through 18, during the relevant period, FXPRICE acted as an IB, as defined in Regulation 5.1(f)(1), to be codified at 17 C.F.R. § 5.1(f)(1), and failed to register as an IB, in violation of Regulation 5.3(a)(5)(i), to be codified at 17 C.F.R. § 5.3(a)(5)(i).

24. Each day that FXPRICE failed to register as an IB since October 18, 2010 is alleged as a separate and distinct violation of Regulation 5.3(a)(5)(i), to be codified at 17 C.F.R. § 5.3(a)(5)(i).

### VII. RELIEF REQUESTED

WHEREFORE, the CFTC respectfully requests that this Court, as authorized by Section 6c of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 13a-1, and pursuant to its own equitable powers, enter:

A. An order finding that FXPRICE violated Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa);

B. An order finding that FXPRICE violated Regulation 5.3(a)(5)(i), to be codified at 17 C.F.R. § 5.3(a)(5)(i);

C.  An order of permanent injunction prohibiting FXPRICE, and any other person or entity associated with Defendant, from engaging in conduct in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA and the Dodd-Frank Act, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa);

D.  An order of permanent injunction prohibiting FXPRICE, and any other person or entity associated with it, from engaging in conduct in violation of Regulation 5.3(a)(5)(i), to be codified at 17 C.F.R. § 5.3(a)(5)(i);

E.  An order of permanent injunction prohibiting FXPRICE, and any other person or entity associated with it or its website(s) or domain(s), from operating their its website(s) or domain(s) while in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA and the Dodd-Frank Act, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa) and Regulation 5.3(a)(6)(i), to be codified at 17 C.F.R. § 5.3(a)(6)(i);

F.  An order of permanent injunction prohibiting Defendant and any successor thereof, from, directly or indirectly:

1)  Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, as amended by the CRA and the Dodd-Frank Act, 7 U.S.C. § 1a);

2)  Entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 32.1(b)(1)), 17 C.F.R. § 32.1(b)(1) (2010), (commodity options), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended by the by the CRA and the Dodd-Frank Act, to be codified at 7 U.S.C.

§§ 2(c)(2)(B) and 2(c)(2)(C)(i)) (forex contracts) for their own personal account or for any account in which they have a direct or indirect interest;

3) Having any commodity futures, options on commodity futures, commodity options, and/or forex contracts traded on their behalf;

4) Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or forex contracts;

5) Soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, and/or forex contracts;

6) Applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010); and

7) Acting as a principal (as that term is defined in Regulation 3.1(a)), agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the CFTC except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010).

G. Enter an order requiring Defendant, as well as any successors to it, to disgorge to any officer appointed or directed by the Court all benefits received including, but not limited to, salaries, commissions, loans, fees, revenues and trading profits derived,

directly or indirectly, from acts or practices that constitute violations of the Act, as amended by the CRA, and the Regulations, including pre- and post-judgment interest;

H.   Enter an order directing Defendant and any successors thereof, to rescind, pursuant to such procedures as the Court may order, all contracts and agreements, whether implied or express, entered into between it and any of the customers whose funds were received by it as a result of the acts and practices which constituted violations of the Act, as amended by the CRA, and the Regulations as described herein;

I.   Enter an order requiring Defendant to pay civil monetary penalties under the Act, to be assessed by the Court, in amounts of not more than the higher of: (1) triple the monetary gain to Defendant for each violation of the Act, as amended by the CRA, and the Regulations or (2) $140,000 for each violation committed on or after October 23, 2008;

J.   Enter an order requiring Defendant to pay costs and fees as permitted by 28 U.S.C. §§ 1920 and 2412(a)(2) (2006); and

K.   Enter an Order providing such other and further relief as this Court may deem necessary and appropriate under the circumstances.

Respectfully submitted,

Attorneys for the U.S. Commodity Futures Trading Commission

Dated: January 26, 2011

Stephen J. Obie
Associate Director/Regional Counsel

_____
Xavier Romeu-Matta
Trial Attorney

xromeu-matta@cftc.gov
Manal M. Sultan
Chief Trial Attorney
msultan@cftc.gov
Commodity Futures Trading Commission
140 Broadway, 19th Floor
New York, NY 10005
Telephone: (646) 746-9761 (Sultan)
Fax: (646) 746-9940 (fax)