USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/14/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMMODITY FUTURES TRADING COMMISSION,

Plaintiff,

v.

FXPRICE LLC,

Defendant.

Case No. 11-Civ-0527 (SAS)

**ECF Case**

**CONSENT ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF**

Plaintiff, United States Commodity Futures Trading Commission ("Commission" or "Plaintiff"), filed on January 26, 2011 a Proposed Order to Show Cause for Preliminary Injunction, an Ex Parte Application for Order to Show Cause for Preliminary Injunction, a Complaint for Permanent Injunction, Civil Monetary Penalties, and Other Equitable Relief, a Memorandum of Law in Support of Plaintiff's Application for Order to Show Cause for Preliminary Injunction, and a Proposed Order for Permanent Injunction and Other Equitable Relief ("Submissions").

On January 26, 2011, upon the Commission's Submissions, the Court ordered FXPRICE LLC ("Defendant") to (a) respond to the Order to Show Cause for Preliminary Injunction on or before February 9, 2011; and (b) to show cause before a motion term of this Court, at Room 15, United States Courthouse, 500 Pearl Street, in the City, County and State of New York, on February 14, 2011, at 11a.m., why an order should not be issued pursuant to Section 6c of the Commodity Exchange Act, as amended (the "Act"), 7 U.S.C. § 13a-1 (2006), enjoining Defendant during the pendency of this action ("Order").

On January 27, 2011, pursuant to the Court's Order, Defendant was served, *via* United Parcel Service ("UPS") overnight delivery and electronic mail, with a copy of the Commission's Submissions. In addition, on January 28, 2011, Defendant was served personally by delivery of Submissions to its registered agent in Delaware and by facsimile. On February 10, 2011, the Commission filed electronically a certificate of service and two declarations showing service by UPS, electronic mail and facsimile.

Defendant contends that it has not conducted any activity in the United States as an introducing broker ("IB") ("Contention"). Defendant, without admitting or denying the allegations of the Complaint, consents to the entry of this Order of Preliminary Injunction and Other Equitable Relief ("Order").

The Court has considered the Commission's Submissions and Defendant's Contention. As it appears to the Court, there is good cause to believe that Defendant has engaged, is engaging in, or may engage in violations of Section 2(c)(2)(C)(iii)(I)(aa), of the Commodity Exchange Act ("Act"), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act ("CRA")), § 13102, 122 Stat. 1651 (effective June 18, 2008), to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa) and Commission Regulation ("Regulation") 5.3(a)(5)(i), to be codified at 17 C.F.R. § 5.3(a)(5)(i).

As such, this is a proper case for granting a preliminary injunction to preserve the *status quo*, protect Defendant's customers if any (as well as the trading public at large) from further loss and damage, remove the danger of further violations of the Act, as amended by the CRA, and the Regulations and enable the Commission to fulfill its statutory duties, the Court finds and orders as follows:

**I.**

## FINDINGS OF FACT

Plaintiff, the U.S. Commodity Futures Trading Commission, is an independent federal regulatory agency charged with administration and enforcement of the Act, 7 U.S.C. §§ 1 *et seq*., and Regulations promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq*. Defendant is a limited liability company incorporated in the State of Delaware with the following registered agent and corporate address: 220 East Delaware Avenue, Newark, Delaware 19711, c/o CORPOMAX, INC. (Vincent Allard, Registered Agent). Defendant has never been registered with the Commission. Plaintiff has filed documents and a declaration to support its allegation that through at least the filing of this case, Defendant conducted business through the following websites: www.fxprice.com and www.fxlatino.com; and used the following email contacts: info@fxprice.com and walter@fxprice.com.

On October 18, 2010, the CFTC enacted new regulations implementing certain provisions of the Dodd-Frank Wall Street Transparency and Accountability Act of 2010[1] with respect to off-exchange foreign currency transactions ("forex transactions"). Pursuant to these provisions, in connection with retail forex transactions IBs must be registered with the Commission as of October 18, 2010 before they can solicit or accept orders in connection with forex transactions.

Plaintiff has filed documents and a declaration to support its allegations that from on or about October 18, 2010 to through at least the filing of this case, Defendant, through its websites (www.fxprice.com and www.fxlatino.com, its Spanish version, owned by Defendant) engaged in practices as an IB by soliciting customer orders, offering to open individual accounts, and providing contract agreements online, and offering free forex demonstration accounts to U.S. customers, including "novice traders" and "individual forex traders," that are not Eligible Contract Participants ("ECPs"). Accounts include: individual, joint or corporate accounts of various size contracts.

---

[1] Pub. L. No. 111-203, Title VII, §§ 701-774, 124 Stat. 1376 (enacted July 21, 2010) ("Dodd-Frank").

Accounts allow solicited customers to choose the type of account and contract "best suit[ed] to their individual currency trading style." At least through the filing of this case, account applicants had the alternative of signing a Customer Agreement made available to them *via* Defendant's websites, or faxing such contract to a New York City fax number: 917.591.5607.

Neither Defendant's websites, their online application, nor the agreement contract provided there, limit, or required applicants to state or certify that the applicant has total assets in excess of (i) $10 million, or (ii) $5 million and to state or certify that they are entering the transaction "to manage the risk associated with an asset owned or liability incurred, or reasonably likely to be owned or incurred, by the individual." There was no U.S. citizenship limitation in opening an account or executing the contract agreement. Account funds are deposited at Chase Manhattan Bank for the benefit of FX Solutions, LLC, a duly registered RFED.

Plaintiff has filed documents and a declaration to support that in its website, as of the filing of the Complaint in this action, Defendant represents that it is "a leading resource provider in the foreign exchange market … [that] focus[es] on the fascinating foreign currency trading industry and [is] devoted to the Forex market and people who are interested in investing in it." Moreover, Defendant states that it provides "account services," including how to open and place orders via its websites or via facsimile "in partnership with FX Solutions LLC, a leading market maker in online foreign exchange trading … [with] clients from more than 100 countries and a monthly turnover of billions of dollars." Plaintiff has filed documents and a declaration to support that at least as of the filing of this action, Defendant's websites (www.fxprice.com and www.fxlatino.com) were actively soliciting customers, with no limitations (as described above), including in the Southern District of New York.

## II.

## CONCLUSIONS OF LAW

### A. Jurisdiction and Venue

Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (2006), authorizes the Commission to seek injunctive relief against any person whenever it shall appear to the Commission that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of the Act or any rule, regulation, or order thereunder. The Commission has jurisdiction over the conduct and transactions at issue in this case pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006), and Section 2(c)(2) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2).

Venue properly lies with the Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2006), because Defendant transacts business in this District and certain transactions, acts, practices, and courses of business alleged in this Complaint occurred, are occurring, and/or are about to occur within this District.

### B. Legal Standard for Preliminary Injunction

Section 6c(b) of the Act, 7 U.S.C. § 13a-1(b) (2006), provides in pertinent part that "[u]pon a proper showing, a . . . temporary injunction . . . shall be granted without bond." Pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006), Plaintiff seeks a preliminary injunction against Defendant prohibiting, among other things, any future violations of the sections of the Act, as amended by the CRA, and the Regulations under which they have been charged. Unlike private actions for equitable relief, a Commission action for injunctive relief is a creature of statute. The injunctive relief contemplated in Section 6c of the Act, 7 U.S.C. § 13a-1 (2006), is remedial in nature and designed to prevent injury to the public, afford redress to

aggrieved persons, and deter future violations. "In actions for a statutory injunction, the agency need not prove irreparable injury or the inadequacy of other remedies as required in private injunctive suits." *CFTC v. Muller*, 570 F.2d 1296, 1300 (5th Cir. 1978) (*citing CFTC v. British Am. Commodity Options Corp.*, 560 F.2d 135, 141-42 (2d Cir. 1977), *cert. denied*, 438 U.S. 905, 98 S. Ct. 3123 (1978)); *see CFTC v. Hunt*, 591 F.2d 1211, 1220 (7th Cir. 1979); *CFTC v. IBS, Inc.*, 113 F. Supp. 2d 830, 848-49 (W.D.N.C. 2000), *aff'd*, *CFTC v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 187 (4th Cir. 2002); *CFTC v. J. S. Love & Assoc. Options, Ltd.*, 422 F. Supp. 652, 661 (S.D.N.Y. 1976)); *SEC v. Princeton Econ. Int'l*, 73 F. Supp. 2d 420, 422-24 (S.D.N.Y. 1999) (applying a less restrictive injunctive standard to actions brought in courts by the SEC and CFTC); *see also SEC v. Prater*, 289 F. Supp. 2d 39, 49 (D. Conn. 2003) (*citing SEC v. Unifund SAL*, 910 F.2d 1028, 1036 (2d Cir. 1990)).

The Commission is entitled to injunctive relief upon a prima facie showing that a violation has occurred and that "there is some reasonable likelihood of future violations." *Hunt*, 591 F.2d at 1220 (citations omitted); *IBS, Inc.*, 113 F. Supp. 2d at 849; *see SEC v. Unique Fin. Concepts, Inc.*, 196 F.3d 1195, 1199 n.2 (11th Cir. 1999); *Prater*, 289 F. Supp. 2d at 49; *Kemp v. Peterson*, 940 F.2d 110, 113 (4th Cir. 1991); *see also Muller*, 570 F.2d at 1300 (finding that it was sufficient for the Commission to establish "a prima facie case of illegality" in case where Commission did not seek an injunction against future violations). The record filed in support of Plaintiff's Motion constitutes a *prima facie* showing that Defendant violated certain provisions of the Act, as amended by the CRA, and the Regulations, and that a reasonable likelihood of a future violation exists. Therefore, the issuance of the preliminary relief requested by Plaintiff is justified.

III.

**ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. Defendant, and all persons insofar as they are acting in the capacity of officers, agents, servants, employees, and attorneys or assigns of Defendant, and other persons who are in active concert or participation, who receive actual notice of this Order by personal service or otherwise, shall be prohibited and restrained from, directly or indirectly:

   a. engaging in any conduct in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), including but not limited to, soliciting or accepting orders from any person that is not an ECP in connection with forex transactions; and

   b. engaging in any conduct in violation of Regulation 5.3(a)(5)(i), to be codified at 17 C.F.R. § 5.3(a)(5)(i), including but not limited to, soliciting or accepting orders from customers who are not ECPs in connection with forex transactions.

**IT IS FURTHER ORDERED** that:

2. Defendant, and all persons insofar as they are acting in the capacity of officers, agents, servants, employees, and attorneys or assigns of Defendant, and other persons who are in active concert or participation, who receive actual notice of this Order by personal service or otherwise, shall:

   a. within two (2) days of the receipt of the Order remove or cause to be removed from the Internet all webpages posted or authorized by them to be posted in which FXPRICE solicits or accepts orders or accounts from non ECPs in the United States in connection with forex transactions at an RFED.

**IT IS FURTHER ORDERED** that:

3. Defendant, and all persons insofar as they are acting in the capacity of officers, agents, servants, employees, and attorneys or assigns of Defendant and other persons who are in active concert or participation, who solicit or accept orders or accounts from non ECPs in the United States in connection with forex transactions at an RFED, or futures commission merchant, and are not duly registered shall be prohibited from:

    a. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, 7 U.S.C § 1a);

    b. entering into any transactions involving futures, options, commodity options (as that term is defined in Regulation 32.1(b)(1)), 17 C.F.R. § 32.1(b)(1) (2010), (commodity options)), and/or foreign currency (as described in Section 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended by the by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(B) and 2(c)(2)(C)(i)) (forex contracts) for their own personal account or for any account in which they have a direct or indirect interest;

    c. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or forex contracts; and

    d. soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodities futures, options on commodity futures, commodity options, and/or forex contracts.

IV.

**BOND NOT REQUIRED**

**IT IS FURTHER ORDERED** that because Plaintiff Commission is an agency of the United States of America, no bond need be posted by the Commission.

V.

**FORCE AND EFFECT**

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

VI.

**Execution**

Consent to this Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been assigned by each of the parties and delivered (by facsimile, electronic mail or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Agreement that is delivered by facsimile or electronic mail shall be deemed for all purposes as constituting good and valid executions and delivery by such party of this Agreement.

**SO ORDERED**, at New York, New York, this 11 of Feb., 2011

The Clerk of the Court is hereby directed to close Docket Nos. 3, 4, and 5. SO ORDERED.

SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE

Consented and
approved for entry by:

Dated: 2/10/11

Xavier Romeu-Matta
Manal Sultan
Attorneys for Plaintiff U.S. Commodity
Futures Trading Commission

Dated: 02/10/11

Chistelle Clement
Attorney for Defendant FXPRICE LLC
Appearing for purposes of executing this
Consent Order only