# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> FXPRICE LLC, <br><br> Defendant. | Case No.  11 CIV 0527 (SAS) <br><br> [~~Proposed~~] ORDER FOR ENTRY OF FINAL DEFAULT JUDGMENT, PERMANENT INJUNCTION AND ANCILLIARY EQUITABLE RELIEF AGAINST FXPRICE LLC <br><br> ECF Case |

*USDC SDNY*
*DOCUMENT*
*ELECTRONICALLY FILED*
*DOC #: _____*
*DATE FILED: 7/1/11*

## [~~PROPOSED~~] DEFAULT JUDGMENT ORDERING A PERMANENT INJUNCTION AND OTHER ANCILLARY RELIEF AGAINST FXPRICE LLC

This matter now comes before the Court on Plaintiff U.S. Commodity Futures Trading Commission's ("Commission") Motion for Entry of Default Judgment against Defendant FXPRICE LLC ("FXPRICE").  This Court has considered the entire record in this matter, including the Commission's *Complaint* and *Memorandum of Law in Support of Plaintiff's Application for Order to Show Cause for Preliminary Injunction* and supporting declaration, and finds that good cause exists for entry of the relief requested.  Accordingly, the Court hereby:

**GRANTS** the Commission's Motion for Entry of Default Judgment, Permanent Injunction and Ancillary Equitable Relief against Defendant FXPRICE and enters findings of fact and conclusions of law as detailed below finding Defendant FXPRICE liable as to all violations alleged in the Complaint.  The Court further grants the Commission's request to order a permanent injunction and to assess civil monetary penalties against FXPRICE.

1

I.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. PARTIES

**Plaintiff:**     The Commission is an independent federal regulatory agency charged by

Congress with the responsibility for administering and enforcing the provisions of the

Commodity Exchange Act ("Act"), as amended by the Dodd-Frank Wall Street Reform and

Consumer Protection Act of 2010 ("Dodd-Frank Act"), Pub. L. No. 111-203, Title VII (the Wall

Street Transparency and Accountability Act of 2010), §§701-774, 124 Stat. 1376 (enacted July

21, 2010), and the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII

(the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted

June 18, 2008), to be codified at 7 U.S.C. § 1 *et seq.*, and the Commission Regulations

("Regulations") promulgated under it, 17 C.F.R. § 1.1 *et seq.* (2010).

**Defendant:**     FXPRICE is a Delaware limited liability company that solicits and/or accepts

orders for foreign currency ("forex") transactions.

### B. PROCEDURAL HISTORY

1.     On January 26, 2011, the Commission properly served FXPRICE by delivering a

copy of the summons and complaint, motion for preliminary injunction and Memorandum in

Support of Plaintiff's Motion for Preliminary Injunction, and supporting documentation by: (1)

United Parcel Service overnight service; (2) electronic mail (return delivery requested); and (c)

facsimile to: 917.591.6507; and on January 28, 2011 by: (1) personal service on FXPRICE's

registered agent in Delaware, CORPOMAX, Inc., and (2) facsimile to: 917.591.5607.

2.      On January 26, 2011, upon application by the Commission, the Court issued an

*Ex Parte* Order to Show Cause for Preliminary Injunction and Other Equitable Relief ("Order to

Show Cause").

3.      On February 10, 2011, the Commission filed proof of such service.

4.      On February 11, 2011, the Commission and FXPRICE filed a Consent Order of

Preliminary Injunction. This Court approved the Consent and docketed the order on February

14, 2011.

5.      FXPRICE failed to plead or otherwise defend as to the Complaint within the time

prescribed by Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(a)(1), which was due no

later than February 18, 2011.

6.      On March 21, 2011, the Clerk of the Court issued a Clerk's Certificate of Default

against FXPRICE.

**C.      JURISDICTION**

7.      This Court has jurisdiction over the Commission's action pursuant to Section 6c

of the Act, 7 U.S.C. § 13a-1(a)(2006), which authorizes the Commission to seek injunctive relief

against any person whenever it shall appear to the Commission that such person has engaged, is

engaging, or is about to engage in any act or practice constituting a violation of any provision of

the Act or any rule, regulation or order thereunder. *See* § 6c(a), 7 U.S.C. § 13a-1(a); *see CFTC*

*v. Efrosman*, No. 05-CV-08422, 2009 WL 2958389, at *5 (S.D.N.Y., Sep. 16, 2009) (finding

that, pursuant to Section 6c of the Act and 28 U.S.C. § 1331, a court has subject matter

jurisdiction over an enforcement action brought by the Commission whenever it appears that

there has been a violation of the Act).

8.     Venue properly lies with the Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), because FXPRICE transacts business in this District and certain transactions, acts, practices, and/or courses of business occurred, are occurring and/or are about to occur within this District.

9.     The Commission has jurisdiction over FXPRICE's forex transactions pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006), and Section 2(c)(2) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2) because: (a) the transactions are offered or entered into (i) with a person that is not an eligible contract participant and (ii) on a leveraged or margined basis, or financed by the offeror, counterparty, or person acting in concert with either; (b) the transactions do not result in actual delivery within two days or otherwise create an enforceable obligation to make or take delivery in connection with the parties' line of business; and (c) neither the counterparty to the transactions nor the Defendant is one of certain enumerated persons.   Section 2(c)(2)(C) of the Act, as amended by the CRA, to be codified at 7. U.S.C. § 2(c)(2)(C).

## D.     DEFENDANT'S VIOLATIONS OF THE ACT AND REGULATIONS

10.     On October 18, 2010, the Commission enacted new regulations implementing certain provisions of the Dodd-Frank Act, and the CRA, to be codified at 7 U.S.C. § 1 *et seq.*, with respect to off-exchange foreign currency ("forex") transactions.

11.     Pursuant to Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), an entity must be registered if it wants to solicit or accept orders from a non-Eligible Contract Participant ("non-ECP") in connection with forex transactions at a retail foreign exchange dealer ("RFED") or futures commission merchant.

12.     An Eligible Contract Participant ("ECP") is defined by the Act, in relevant part, as an individual with total assets in excess of (i) $10 million, or (ii) $5 million and who enters the transaction "to manage the risk associated with an asset owned or liability incurred, or reasonably likely to be owned or incurred, by the individual." *See* Section 1a(12)(A)(xi) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 1a(12)(A)(xi).

13.     For the purposes of Part 5 of the Regulations, a RFED is defined in Regulation 5.1(h)(1), to be codified at 17 C.F.R. § 5.1(h)(1), as any person that is, or offers to be, the counterparty to a retail forex transaction, except for a person described in sub-paragraph (aa), (bb), (cc)(AA), (dd), (ee), or (ff) of Section 2(c)(2)(B)(i)(II) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(B)(i)(II).

14.     For the purposes of Part 5 of the Regulations, an "Introducing Broker" is defined in Regulation 5.1(f)(1), to be codified at 17 C.F.R. § 5.1(f)(1), as "any person who solicits or accepts orders from a customer that is not an eligible contract participant as defined in section 1a(12) of the Act, in connection with retail forex transactions."

15.     Pursuant to Regulation 5.3(a)(5)(i), to be codified at 17 C.F.R. § 5.3(a)(5)(i), in connection with forex transactions, all Introducing Brokers must be registered with the Commission as of October 18, 2010.

16.     FXPRICE has never been registered with the Commission in any capacity or applied for registration (or an exemption from registration). Nor is FXPRICE one of the persons exempt from the registration requirements applicable to this conduct enumerated in either Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa).

17.     Nonetheless, after October 18, 2010, FXPRICE solicited or accepted orders from non-eligible contract participants ("non-ECPs") in connection with margined or leveraged forex transactions at an RFED.

18.     Therefore, FXPRICE has violated Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa), and Regulation 5.3(a)(5)(i), to be codified at 17 C.F.R. § 5.3(a)(5)(i).

### F.   A PERMANENT INJUNCTION AND OTHER ANCILLIARY RELIEF ARE WARRANTED

15.   The Commission has shown that FXPRICE has engaged, is engaging, and is about

to engage in acts and practices which violate Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended

by the CRA, and Regulation 5.3(a)(5)(i). The totality of the circumstances establish that, unless

restrained and enjoined by this Court, there is a reasonable likelihood that FXPRICE will

continue to engage in the acts and practices alleged in the Complaint and in similar acts and

practices in violation of the Act. In addition, the imposition of other ancillary equitable relief is

required to comply with the basic objectives of the Act. Furthermore, the nature of FXPRICE's

violations and the need to deter others from committing similar violations of the Act and

Regulations warrants the imposition of a civil monetary penalty.

## II.

## ORDER FOR RELIEF

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED**

that Defendant, FXPRICE, has violated Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by

the CRA, and Regulation 5.3(a)(5)(i). Therefore, judgment shall be and, hereby is, entered in

favor of the Plaintiff, the Commodity Futures Trading Commission, and against FXPRICE as

follows:

### A.   PERMANENT INJUNCTION

Prohibition on Violations of Section 2(c)(2)(C)(iii)(I)(aa) of the Act and Regulation 5.3(a)(5)(i)

1.   FXPRICE, all persons and entities insofar as they are acting in the capacity of

agents, servants, employees, successors, assigns, or attorneys of FXPRICE, and all persons and

entities insofar as they are acting in concert or participation with FXPRICE who receive actual

notice of this order by personal service or otherwise, shall be permanently prohibited, enjoined and restrained from directly or indirectly:

     a.    engaging in any conduct in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa); and

     b.    engaging in any conduct in violation of Regulation 5.3(a)(5)(i), to be codified at 17 C.F.R. § 5.3(a)(5)(i).

Removal of Webpages

2.    FXPRICE, all persons and entities insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of FXPRICE, and all persons and entities insofar as they are acting in concert or participation with FXPRICE who receive actual notice of this order by personal service or otherwise, shall remove or cause to be removed from the Internet all webpages posted or authorized by them to be posted in which they solicit or accept orders or accounts from non-ECPs in connection with forex transactions or offer to be the counterparty to customers' forex transactions whether through www.fxprice.com, www.fxlatino.com, the Uniform Resource Locater ("URL") associated with such domain names, and/or any other domain name or URL created, operated, hosted, associated and/or authorized by FXPRICE, in whole or in part. This includes, but is not limited to, submitting a removal request of the domain name(s) associated with the aforementioned conduct and corresponding URL(s) to the appropriate web-host provider and/or domain registration company.

3.    Any person or entity providing web-hosting or domain name registration services in the United States for any website, domain name or affiliated URL under the ownership of FXPRICE, in whole or in part, directly or indirectly, which FXPRICE uses to solicit or accept orders or accounts from non-ECPs in connection with forex transactions at FXPRICE, or to offer to be the counterparty to customers' forex transactions, including, but not limited to,

www.fxprice.com and www.fxlatino.com, the URL associated with such domain name, and/or

any other domain name or URL created, operated, hosted, associated and/or authorized by

FXPRICE, in whole or in part, who receives actual notice of this Order by personal service or

otherwise shall:

> a.  remove or cause to be removed from the Internet all webpages, within their control, which are posted or authorized or to be posted or authorized by FXPRICE or any persons and entities insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of FXPRICE, in which FXPRICE 1) solicits or accepts orders or accounts from non-ECPs in connection with forex transactions at FXPRICE; or 2) offers to be the counterparty to customers' forex transactions;
>
> b.  preserve all documents related to any website operated, in whole or in part, under the name FXPRICE.net, as well as any website that is substantially identical in appearance to that website; and
>
> c.  immediately notify counsel for the Commission of any other web page or website operated or controlled by or on behalf of FXPRICE.

Trading Prohibition

4.      FXPRICE, all persons and entities insofar as they are acting in the capacity of

agents, servants, employees, successors, assigns, or attorneys of FXPRICE, and all persons and

entities insofar as they are acting in concert or participation with FXPRICE who solicit or accept

orders or accounts from non-ECPs in the United States in connection with forex transactions at

an RFED, or offers to be the counterparty to customers' forex transactions, who receive actual

notice of this order by personal service or otherwise, shall be permanently prohibited, enjoined

and restrained from directly or indirectly:

> a.  trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 1a);
>
> b.  entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 32.1(b)(1), 17 C.F.R. § 32.1(b)(1) (2010)) ("commodity

options"), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts"), for their own personal account or for any account in which they have a direct or indirect interest;

c.      controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or forex contracts;

d.      soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, and/or forex contracts;

e.      applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010); and

f.      acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2010)), agent, or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010).

**B.     CIVIL MONETARY PENALTY**

5.      FXPRICE shall pay to the Commission a civil monetary penalty of $140,000, plus post-judgment interest.

6.      Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on that day, pursuant to 28 U.S.C. § 1961(a).

7.      FXPRICE shall pay the civil monetary penalty by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order.  Unless the payment is made by electronic funds transfer, it shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

Commodity Futures Trading Commission

10

Division of Enforcement
ATTN: Accounts Receivables --- AMZ 340
E-mail Box: 9-AMC-AMZ-AR-CFTC
DOT/FAA/MMAC
6500 S. MacArthur Blvd.
Oklahoma City, OK  73169
Telephone: (405) 954-6644

8.     If FXPRICE chooses to make the payment by electronic funds transfer, it shall

contact Linda Zurhorst or her successor, at the above address to receive payment instructions and

shall fully comply with those instructions.  FXPRICE shall submit its payment with a cover letter

that identifies it and the name and docket number of this proceeding.  Copies of the cover letter

and the form of payment shall be simultaneously transmitted to: (1) David Meister, Director,

Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre,

1155 21st Street, N.W., Washington, D.C. 20581; (2) the Chief, Office of Cooperative

Enforcement, Division of Enforcement, Commodity Futures Trading Commission, Three

Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581; and (3) Stephen Obie,

Regional Counsel, Division of Enforcement, Commodity Futures Trading Commission, at the

following address: 140 Broadway, 19th Floor, New York, NY  10005.

## SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means,

including facsimile transmission, e-mail, United Parcel Service and Federal Express, upon

FXPRICE or any other entity or person that may be subject to any provision of this Order.

## NOTICES TO THE COMMISSION

**IT IS FURTHER ORDERED** that all notices or other materials required by this Order

shall be sent to Xavier Romeu-Matta, Trial Attorney, Division of Enforcement, Commodity

Futures Trading Commission, 140 Broadway, 19th Floor, New York NY  10005.

11

## CONTINUING JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this cause to assure compliance with this Order and for all other purposes related to this action.


**IT IS SO ORDERED,** at New York, New York on this ____ day of _____, 2011.

_____
Honorable Shira A. Scheindlin
United States District Court Judge

12